UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE SPOT LLC,

        Plaintiff,

                                                      Civil Case No. 23-11603
v.                                                 Honorable Linda V. Parker

GPM EMPIRE, LLC and
EMPIRE PETROLEUM PARTNERS, LLC,

        Defendants.
_____/

## OPINION AND ORDER REJECTING DEFENDANT EMPIRE PETROLEUM PARTNERS, LLC'S OBJECTION TO VOLUNTARY DISMISSAL WITHOUT PREJUDICE

On or about May 3, 2023, Plaintiff Mike Spot LLC initiated this lawsuit in the Circuit Court for Wayne County, Michigan against GPM Empire, LLC ("GPM") and Empire Petroleum Partners, LLC ("Empire"). (ECF No. 1-2.) GPM removed Plaintiff's Complaint to federal court on the basis of diversity jurisdiction on July 5, 2023. (ECF No. 1.) On July 12, in response to Plaintiff's Complaint, GPM filed an Answer (ECF No. 3) and Empire filed a motion to dismiss (ECF No. 4). On July 21, Plaintiff filed a notice voluntarily dismissing Empire without prejudice. (ECF No. 7.)

Before the Court is Empire's "objections" to that dismissal in which Empire argues that Plaintiff could not have voluntarily dismissed it without prejudice and

without leave of court after the motion to dismiss was filed. (ECF No. 9.) Empire is wrong.

Federal Rule of Civil Procedure 41(a)(1)(A) provides that a plaintiff may voluntarily dismiss an action without a court order through:

> (i) A notice of dismissal before the opposing party serves either an *answer* or a motion *for summary judgment*; or
>
> (ii) A stipulation of dismissal signed by all parties who have appeared.

*Id.* (emphasis added). The Sixth Circuit "take[s] the Rule at face value, and assumes that it 'means what it says.'" *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)). Thus, the Sixth Circuit has expressly held that a plaintiff may voluntarily dismiss an action without prejudice pursuant to Rule 41(a)(1)(A) where the defendant has filed only a motion to dismiss as "a motion to dismiss does not constitute an answer or a motion for summary judgment in this context." *McCord v. Bd. of Educ. of Fleming Cnty.*, No. 17-5548, 2018 WL 1724560, at *5 (6th Cir. Jan. 30, 2018) (citing *Aamot*, 1 F.3d at 444). "Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands; once plaintiff gives his notice, the lawsuit is no more." *Aamot*, 1 F.3d at 444.

Empire has filed neither an answer nor a motion for summary judgment, and its motion to dismiss does not qualify as either one for purposes of Rule

41(a)(1)(A).  *Id.*  Plaintiff, therefore, could voluntarily dismiss its claims against Empire without prejudice and without leave of court.

For these reasons, Empire's objection is rejected.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: August 9, 2023